STATE *vs.* ALBERT MULLEN.

MAY 29, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is an affiliation proceeding brought under general laws 1938, chapter 424, entitled "Children Born Out Of Wedlock." It was tried in the superior court to a jury which found the defendant guilty. He filed a motion for a new trial which was denied, and the exception thereto together with his exceptions to the refusal to grant certain instructions and to the support order make up his bill of exceptions.

The principal question in this matter revolves around the exception to the court's refusal to charge that the burden was upon the state to establish beyond a reasonable doubt that defendant was the father of the child. In this jurisdiction beginning as early as *State* v. *Sullivan*, 12 R. I. 212, affiliation proceedings have been considered as criminal in form but civil in substance. In *State* v. *Bowen*, 14 R. I. 165, the court stated: "The proceeding, though in form

criminal, is in effect civil, and therefore it is not necessary to conviction that the evidence should exclude every reasonable doubt, but a preponderance of proof is sufficient." However, defendant here takes the position that the juvenile court act, so called, public laws 1944, chap. 1441, changed the case law and now the state must prove paternity beyond a reasonable doubt. He relies upon the following provision in sec. 28 of that act: "The judge presiding at such trial shall submit to the jury the question of the innocence or guilt of the adult, in the same manner, and with the same effect, as such question is submitted in regular criminal prosecutions within the superior court." When the provision is read in the light of the rest of the act it is clear to us that it does not apply to affiliation proceedings. Section 28 is entitled "Procedure in Adult Cases" and the first sentence thereof reads as follows: "Except as herein otherwise specifically provided, all provisions of this act relative to procedure in cases of children so far as practicable shall also be construed as applying to cases against adults for *offenses committed* against the laws of the state of Rhode Island within the purview of this act as herein set forth." (italics ours)

The word "offenses" has been consistently used by our general assembly to describe crimes and misdemeanors. An examination of the various compilations of the general laws for the last one hundred years shows that crimes and misdemeanors have been contained in a group of chapters entitled "Offenses against the sovereignty of the State," "Offenses against public justice," "Offenses against the person," *etc.* It would seem, therefore, that the word "offenses" as used in sec. 28 was intended to describe crimes and misdemeanors. There is no penalty, as such, imposed on the defendant upon his being found to be the father of an illegitimate child. This was pointed out in *Cummings* v. *Church,* 50 R. I. 71, another affiliation case. He is required to pay only the lying-in expenses and to assist in

the support of the child. Furthermore, the very next sentence of sec. 28 indicates that it is dealing with crimes since it reads: "Upon trial of such cases the court shall have power to impose such sentence as the law provides, or may suspend sentence and place on probation or by order impose upon such adult such duty as shall be deemed for the best interests of the child."

Section 17 of the act entitled "Jurisdiction; Adults" reads as follows:

> "The court shall, as hereinafter set forth, have exclusive original jurisdiction to determine all cases of *adults involved in matters* arising out of paragraph C of section 14 *and* all cases of adults *charged with*
>
> A. Being responsible for or contributing to the delinquency, waywardness or neglect of any child;
>
> B. Desertion, abandonment, or failure to provide subsistence for any child dependent upon him for support.
>
> C. Neglect to send any child to school as required by law." (italics ours)

Paragraph C of sec. 14, referred to in the first sentence, is the one which gives jurisdiction to the juvenile court over affiliation proceedings and paragraphs A, B and C of sec. 17 refer to crimes against children. The italicized words tend to show the distinction between proceedings such as we have here and crimes.

However, paragraph C of sec. 36 of the juvenile court act reads as follows: "Chapter 424 of the general laws, as amended, is hereby further amended to conform to the provisions of this act as follows: Where in said chapter 424 of the general laws, as amended, the term 'district court' shall be used, the juvenile court is hereby substituted for said district court and is hereby given exclusive original jurisdiction of any offense committed thereunder * * *." Here we have the general assembly using the word "offense" to describe the failure of the fathers of illegitimate children to support them. The defendant did not

urge upon us the language of this paragraph, and we are of the opinion that the general assembly here used the word "offense" in the broader sense as describing "A breach of moral or social conduct * * *." See Webster's New International Dictionary (2d ed.) 1946, item 5, p. 1690. We have found nothing elsewhere in that act to give any real indication of the intention of the general assembly to change this long line of decisional law.

Assuming, however, that the juvenile court act did have the effect claimed by defendant, in 1949 said chap. 424 was rewritten substituting the words "juvenile court" for the words "district court" in the proper places. As thus re-enacted, that chapter is substantially the way it has read since it was first passed in 1873 just before *State* v. *Sullivan, supra,* was decided. Chapter 424 has always been a complete act in itself and is in no way dependent upon the juvenile court act, and we adhere to the long line of decisions above referred to which were decided under that chapter and its predecessors. The defendant's first exception, to the failure of the trial justice to charge as requested, is overruled.

The defendant's second exception is to the denial of his motion for a new trial. The transcript shows that at the opening of the hearing on this motion defendant's counsel said: "Your Honor, I discussed this matter with you in chambers, and it would be agreeable to me if the motion is denied." This was in effect an abandonment of his motion, and his exception to such denial is overruled.

The defendant's third exception is to the order requiring him to pay the lying-in expenses and to assist in the support of the child. The ground of such exception is that the order was too high. We are of the opinion that the trial justice was not clearly wrong in making the order. However, at the hearing before us the state's attorney expressed his willingness to have the order reviewed, so in

fact the defendant will have another opportunity to be heard as to the amount he shall pay. This exception is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Edward F. Burke,* for complainant.

*Francis E. Little, Jr., Joseph T. Little,* for defendant.